11699

DUNCAN v. CLEMENT

(126 S. E., 752)

1. APPEAL AND ERROR—EXCEPTION HELD INSUFFICIENT FOR FAILURE TO POINT OUT EVIDENCE REFERRED TO.—Exception, complaining of Court's statement "that certain evidence was never introduced," *held* insufficient for failure to point out the evidence referred to.

2. APPEAL AND ERROR—SUPREME COURT WILL NOT REVIEW ACTION OF LOWER COURT IN LAW ACTION IN STATING THAT CERTAIN EVIDENCE WAS NEVER INTRODUCED.—The Supreme Court, in a law action, will not review action of lower Court in stating that certain evidence was never introduced, since Supreme Court has no jurisdiction to determine questions of fact in an action at law.

3. APPEAL AND ERROR—REFUSAL OF CHARGE WHICH WOULD HAVE PLACED BURDEN OF PROVING SOME ACTUAL DAMAGES ON PLAINTIFF HELD HARMLESS AS TO PLAINTIFF.—In action for malicious prosecution and false arrest, refusal to charge that punitive damages could not be awarded unless some amount in actual damages was awarded, if error, was harmless as to plaintiff, since such charge would have placed burden of proving some amount of actual damages on plaintiff.

4. APPEAL AND ERROR—EXCEPTION, COMPLAINING OF MANNER IN WHICH COURT CHARGED JURY, CANNOT BE SUSTAINED.—Exception, complaining of the manner in which the Court charged the jury, cannot be sustained, since Supreme Court has no means of knowing what the manner of the trial Judge was.

5. APPEAL AND ERROR—QUESTIONS OF FACT IN LAW CASE NOT DETERMINED BY SUPREME COURT.—Supreme Court cannot determine questions of fact in a law case.

Before MAULDIN, J., Newberry, April, 1924. Affirmed.

Action by John T. Duncan against W. L. Clement. Judgment for defendant, and plaintiff appeals.

*Messrs. E. J. Green* and *John T. Duncan,* for appellant, cite: *Verdict not in accordance with the testimony and the law:* A. & E. Enc. L., Vol. XIX, 653. *As to malice:* A. & E. Enc. L., Vol. 19, 656. *In general:* 16 S. C., 387; 2 Brev., 75; 2 Mull. L. 270; 1 Nott & McC., 36; 2 Nott & McC., 54; 143 Rich. L., 204; 31 S. C., 342.

*Mr. B. V. Chapman* for respondent.

February 27, 1925.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The statement in the case says:

"This action was for damages because of malicious prosecution and false arrest."

There was a contract of a sale of a lot of lumber by the plaintiff to the defendant. The plaintiff claimed that the defendant had not complied with the terms of sale, and stopped the defendant from moving the lumber. As a result of the contest, the defendant swore out a warrant against the plaintiff and had him arrested. The plaintiff was tried and acquitted and brought this action for damages. The trial resulted in a verdict and judgment for the defendant, and this appeal was taken.

I. The first exception is:

"The Court erred in stating that certain evidence was never introduced."

This exception does not comply with the rule in that it does not point out the evidence referred to; waiving that defect, the exception cannot be sustained. This is a law case. It would require a finding of fact, and this Court has no jurisdiction to determine questions of fact in an action at law.

II. Exception 2:

"The Court erred in not charging that, unless some amount in actual damages was awarded, punitive damages could not be awarded."

This exception cannot be sustained. Even if error, it was not prejudicial to the appellant as, to have made the charge, would have put on the appellant the burden of proving some amount of actual damages.

III. Exception 3:

"The Court erred in the reluctant manner in which he charges that the jury might separate and state separately the amount of actual and punitive damages; the said charges and the manner thereof being liable to influence the jury against plaintiff's cause."

This exception cannot be sustained. This Court has no means of knowing what was the manner of the trial Judge.

IV. Exceptions 4 and 5 are considered together, and are:

."Because the verdict was not in accordance with the testimony and the law.

"The verdict should be set aside and a new trial ordered because plaintiff gave, with his two witnesses, the preponderance of the evidence."

These exceptions cannot be sustained. They relate to questions of fact in a law case, and we have seen that we cannot determine questions of fact in an action of law.

The judgment appealed from is affirmed.

MESSRS. JUSTICES WATTS and MARION, and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.